UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-22519-CIV-HOEVELER/GARBER

BANKFIRST, a South Dakota state bank,

          Plaintiff,

vs.

KOBI KARP, an individual

          Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

In response to the Complaint by BankFirst, Kobi Karp ("Defendant" or "Karp") hereby serves his Answer and states as follows:

## JURISDICTION AND VENUE

1.      Karp denies the allegations contained in Paragraph 1 of the Complaint except to admit that this purports to be an action brought under 28 U.S.C. § 1332(a).

2.      Karp denies the allegations contained in Paragraph 2 of the Complaint except to admit that this purports to be an action brought in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Karp is without sufficient knowledge of the allegations contained in Paragraph 3 of the Complaint and therefore they are denied.

4.      Karp admits the allegations of Paragraph 4 of the Complaint, except that Karp denies that Karp is a principal in Kobi Karp Architecture & Interior ("KKAI").  Karp admits that he is a principal of Kobi Karp Architecture & Interior Design, Inc. ("KKAID").

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

**GENERAL ALLEGATIONS**

5.      Karp is without sufficient knowledge of the allegations contained in Paragraph 5 of the Complaint and therefore they are denied.  Karp admits that Exhibit A is a copy of a Loan Agreement between BankFirst and Borrower and the document speaks for itself.

6.      Karp is without sufficient knowledge of the allegations contained in Paragraph 6 and therefore they are denied, but admits that the language contained in Paragraph 6 of the Complaint is within the Loan Agreement attached as Exhibit A to the Complaint and the document speaks for itself.

7.      Karp is without sufficient knowledge of the allegations contained in Paragraph 7 of the Complaint and therefore they are denied.  Karp admits that Exhibit B is a copy of Promissory Note A between BankFirst and Borrower and the document speaks for itself.

8.      Karp is without sufficient knowledge of the allegations contained in Paragraph 8 of the Complaint and therefore they are denied.  Karp admits that Exhibit C is a copy of Promissory Note B between BankFirst and Borrower and the document speaks for itself.

9.      Karp is without sufficient knowledge of the allegations contained in Paragraph 9 of the Complaint and therefore they are denied.

10.     Karp denies the allegations contained in Paragraph 10 of the Complaint, except that Karp admits that KKAID, Inc. (Kobi Karp Architecture and Interior Design, Inc.) ("KKAID") was the local architecture firm on the Beach House project.  KKAID was the architect of record on the Project for permitting, construction documents, and technical aspects, and Karp was personally involved in services that KKAID was hired to provide with respect to the Beach House project.

11.     Karp is without sufficient knowledge of the allegations contained in Paragraph 11

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com        www.coffeyburlington.com

of the Complaint and therefore they are denied.

12.     Karp is without sufficient knowledge of the allegations contained in Paragraph 12 of the Complaint and therefore they are denied.  Karp admits that Exhibit D is a copy of a document entitled "Guaranty of Kobi Karp" and the document speaks for itself.

13.     Karp is without sufficient knowledge of the allegations contained in Paragraph 13 of the Complaint and therefore they are denied, but admits that the language contained in Paragraph 13 of the Complaint is within the document entitled "Guaranty of Kobi Karp" attached as Exhibit D to the Complaint and the document speaks for itself.

14.     Karp is without sufficient knowledge of the allegations contained in Paragraph 14 of the Complaint and therefore they are denied.  Karp admits that Exhibit E is a copy of a First Amendment to Loan Documents and the document speaks for itself.

15.     Karp is without sufficient knowledge of the allegations contained in Paragraph 15 of the Complaint and therefore they are denied.  Karp admits that Exhibit F is a copy of a document entitled "Consent of Guarantor" and that the document speaks for itself.

16.     Karp is without sufficient knowledge of the allegations contained in Paragraph 16 of the Complaint and therefore they are denied.  Karp admits that Exhibit G is a copy of Second Amendment to Loan Documents and that the document speaks for itself.

17.     Karp is without sufficient knowledge of the allegations contained in Paragraph 17 of the Complaint and therefore they are denied.  Karp admits that Exhibit H is a copy of a document entitled "Consent of Guarantor" and the document speaks for itself.

18.     Karp is without sufficient knowledge of the allegations contained in Paragraph 18 of the Complaint and therefore they are denied.

19.     Karp is without sufficient knowledge of the allegations contained in Paragraph 19

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

of the Complaint and therefore they are denied.

20.     Karp is without sufficient knowledge of the allegations contained in Paragraph 20 of the Complaint and therefore they are denied.

21.     Karp is without sufficient knowledge of the allegations contained in Paragraph 21 of the Complaint and therefore they are denied.  Karp admits that Exhibit I is a Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing, and the document speaks for itself.

22.     Karp denies the allegations contained in Paragraph 22 of the Complaint, except that Karp admits that BankFirst sent him a letter on March 11, 2008 and that Exhibit J is a copy of the letter and the document speaks for itself.

23.     Karp denies the allegations contained in Paragraph 23 of the Complaint.

24.     Karp re-alleges its responses to Paragraphs 1 through 23 in response to the re-incorporated allegations contained in Paragraph 24 of the Complaint.

25.     Karp denies the allegations contained in Paragraph 25 of the Complaint.

26.     Karp is without sufficient knowledge of the allegations contained in Paragraph 26 of the Complaint and therefore they are denied.

27.     Karp is without sufficient knowledge of the allegations contained in Paragraph 27 of the Complaint and therefore they are denied.

28.     Karp denies the allegations contained in Paragraph 28 of the Complaint.

29.     Karp denies the allegations contained in Paragraph 29 of the Complaint.

30.     Karp denies the allegations contained in Paragraph 30 of the Complaint.

31.     All allegations not expressly admitted herein are denied.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

**FACTUAL ALLEGATIONS**

1.      Winners, LLC ("Winners") and its subsidiary Beach House Property, LLC

("BHP") (collectively, "Founder") ventured to build a condominium complex, Beach House,

located on the property site of the former Beach House Hotel ("Hotel") in Surfside, Florida.

2.      Kobi Karp ("Karp") was the local architect of record on the Project.  Along with

his company Kobi Karp Architecture and Interior Design, Inc. ("KKAID"), Karp was

responsible solely for the permitting, construction documents, and technical aspects for the

Project.  He was never involved in the design, planning, or negotiations for financing.

3.      Negotiations to secure acquisition and development financing for the land and the

Hotel (collectively "Property") occurred between, among others, Winners, BHP, Henry Rodstein

("Rodstein") and BankFirst.  (BankFirst is a South Dakota state charted bank that is a subsidiary

of Marshall BankFirst Corp. ("MBF"), a bank holding company with at least six wholly owned

subsidiaries, including BankFirst.)

4.      This controversy centers upon funding for the Beach House.  At all material

times, the parties emphasized and agreed upon the necessity for additional construction

financing.  Indeed, as Plaintiff states in its Complaint, the Loan Agreement and two resulting

Promissory Notes (A & B) (collectively "Notes") between BankFirst and BHP for $40,630,000

million, were "to retire a wrap mortgage on certain property located in Surfside, Florida,

demolish the existing hotel situated on the property, and *develop and construct the "Beach*

*House" condominiums and townhouses*."  Compl. ¶ 5 (emphasis added).

5.      As matters developed, all parties understood that the initial funding actually

provided by Plaintiff would not be sufficient to construct the Beach House condominium and

townhome project ("Project").  Estimates on total development and construction costs for the

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE     2699 SOUTH BAYSHORE DRIVE     MIAMI, FLORIDA 33133
T:  305.858.2900     F:  305.858.5261
Email:  info@coffeyburlington.com     www.coffeyburlington.com

Project, assessed far in advance of the finalization of the Loan Agreement and Notes, always well exceeded $100 million.

6.      After the acquisition of the Property and while finalizing the planning, permitting, and securing of the construction loan, Plaintiff authorized Founder to continue to operate the Hotel, which provided a source of income during the planning and preparation time.

7.      Meanwhile, in preparation for construction of the Project, Founder financed many soft costs for the Project, including among other things engineering costs, architecture costs, permitting costs, and estimates for construction (including a guaranteed maximum construction price necessary prior to approval of a construction loan).

8.      Such costs were financed through cash flow received from the operation of the Hotel, development draw requests from the loan approved by BankFirst, as well as cash equity from Winners investors.  For this reason, Founder recognized the necessity for operating the Hotel and would only agree to its demolition upon completion of the following: (a) achieving pre-sales; (b) obtaining a building permit; and (c) funding of the construction loan.  BankFirst was fully aware of these realities which were necessary and manifest preconditions to a demolition that would eliminate valuable improvements any virtually erase any further source of generating income.

9.      As of July 2007, all architectural plans were finalized and Founder had secured sufficient presales of units in the condominium (over 60-70% of the planned units were sold and purchase contracts were secured along with non-refundable deposits), had received the requisite permits to commence construction (with the assistance of KKAID), had received a guaranteed maximum construction price for the Project as well as a schedule of completion, and had finalized a construction loan, reasonably relying upon the premise that Marshall would provide

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

the necessary construction financing.  At the time of the demolition of the Hotel, Marshall Bank, N.A. (a nationally chartered bank located in Minnesota) ("Marshall") had consented to finalize a construction loan and this was an essential precondition to moving forward with the demolition.

10.     Therefore, to clear the land and commence construction of the Project, Founder liquidated all assets of the Hotel (by selling the furniture, fixtures, and equipment) and demolished it.  BankFirst not only knew about these actions but approved them and released the necessary draw of funds to Founder to do so.

11.     BankFirst's endorsement and release of the necessary funds for demolition of the Hotel, combined with the agreement for a construction loan, clearly signaled a commitment by MBF to provide construction financing on the Project.  No other scenario could be rational.  No one demolishes valuable improvements simply to let land lie vacant and useless.  Correspondingly, no owner of valuable income-producing property, such as the Hotel, would demolish the property without financing being committed for construction to replace those improvements.

12.     Thus, at all times, the parties understood and agreed that a construction loan was also necessary.  Founder reasonably believed it had secured the additional construction loan from the MBF subsidiary Marshall, a belief only further solidified by the BankFirst's approval of the demolition of Founder's income-generating asset.

13.     Despite serious negotiations and a perceived promise to provide a construction loan, however, neither Marshall nor any MBF subsidiary provided a construction loan to Winners, BHP, or the Beach House Project.

14.     Founder would never have demolished the Hotel without its reasonable belief that it had secured a construction loan agreement from Marshall or any other bank to begin the new

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

construction of the condominium complex.  BankFirst thus directly caused Founder's inability to finance and construct the Project, while simultaneously denying them income from Hotel revenues to continue to make mortgage payments and finance the project until a new construction loan could be secured.  Additionally, BankFirst has, to date, collected millions of dollars in interest payments and fees related to the Loan Agreement and Notes from both interest reserves within the Loan Agreement and Notes as well as from Founder's own cash funds.

15.      By entering into a Loan Agreement to demolish property and construct condominiums, (*see* Compl. ¶ 5), followed by it subsequent actions outlined above, BankFirst has been a substantial factor in causing the Project to be derailed and become unusable.  Stated bluntly, the Project has been effectively destroyed.  BankFirst's complicity in the demolition and liquidation of assets of a building constituted a drastic impairment of its own collateral that was compounded dramatically by its egregious misconduct in failing to provide the construction financing.  As a result, BankFirst is estopped from, and may benefit from its own wrong, by attempting to collect a guaranty alleged to be due from Karp when it was involved with the demise of the actual construction and completion of the Project.

16.      Moreover, by approving the demolition of the Hotel, denying a construction loan, and rejecting all bids on the Property, BankFirst acted, and continues to act, in bad faith and prevented other parties from performing any obligations to pay the indebtedness due under the mortgage loan.

17.      Additionally, since Winners' and BHP's inability to secure a construction loan and their subsequent filing for bankruptcy, numerous buyers have shown serious interest in purchasing the Property.  BankFirst has thus far rejected all potential bids or offers, failing to act reasonably in attempt to mitigate any potential loss or harm of which it speaks.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

18.     BankFirst is reportedly liquidating collateral without fairly considering all potential bids or offers.  Any claim it has to recover under any notes or under guaranties must be released or reduced by the fair market value of the property.

19.     Karp's personal involvement in the foregoing was limited and at no time did he consent to any of the wrongful conditions of Plaintiff described above.

## AFFIRMATIVE DEFENSES

1.      Estoppel.  Karp having acted in good faith reliance on the statements and promises of BankFirst to provide a construction loan before the demolition of the Hotel could proceed, BankFirst is estopped from disregarding its commitments, declaring that the guaranty is past its maturity date, and requiring payment in full of all sums due and owing.

2.      Breach of Implied Covenants.  By its actions, as alleged above, BankFirst breached its implied covenant of good faith and fair dealing in the approval of the demolition of the Hotel, coinciding with the failure and refusal to provide a construction loan on the Project. BankFirst acted in bad faith in its approval of the demolition of the Hotel, the refusal to grant a construction loan, and its refusal to consider or allow the sale of the Property of serious bidders, thereby disregarding its commitments, duties to Kobi Karp, and effectively preventing any performance by the alleged obligors.

3.      Unclean hands.  By its actions as alleged above, BankFirst has unclean hands, and thus is barred from recovering for breach of guaranty as it requests in the Complaint.

4.      Waiver.  By its action, as alleged above, BankFirst waived the right to declare Karp in default, or to enforce the maturity date of the Guaranty agreement.

5.      Breach of Fiduciary Duty.  By its actions above, BankFirst breached its fiduciary duty to Karp.

9

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

6. <u>Failure to mitigate damages</u>.  To the extent BankFirst has suffered any alleged loss or harm, by its actions, as alleged above, BankFirst has failed to act reasonably to mitigate any such loss or harm, which precludes it from seeking relief in this case.

7. <u>Impairment of Collateral</u>.  Any claim against Karp must be discharged to the extent of the value of the collateral impaired based upon BankFirst's gross negligence with respect to the demolition of the Hotel and liquidation of assets and failure to fairly consider potential bids or offers to purchase the Property.

8. <u>Partial or Full Payment</u>.  Any claim is reduced in whole or in part by the fair market value of the property which Plaintiff, as a secured lender, has taken steps to effectively foreclose and liquidate upon the assets.

WHEREFORE, Defendant Kobi Karp respectfully requests that this Court dismiss Plaintiff BankFirst's Complaint against him with prejudice, deny Plaintiff its requested relief, award Defendant its costs, and provide for such other and further relief as the Court deems just and proper.

<u>**DEFENDANT'S DEMAND FOR A JURY TRIAL**</u>

Defendant KOBI KARP hereby demands a trial by a jury.

Respectfully submitted,

<u>s/Kendall B. Coffey</u>
Kendall B. Coffey, Florida Bar No. 259861
*kcoffey@coffeyburlington.com*
Morgan L. Swing, Florida Bar No. 0017092
*mswing@coffeyburlington.com*
COFFEY BURLINGTON
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel: 305-858-2900
Fax: 305-858-5261
*Counsel for Kobi Karp*

10

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 5, 2008, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record identified on the Mailing Information for Case 1:08-cv-

21331-AJ.  Counsel of record currently identified on the Mailing Information list to receive e-

mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

Counsel of record who are not on the Mailing Information list to receive e-mail notices for this

case have been served via U.S. Mail.

<u>s/Kendall B. Coffey</u>

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com