UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-22519-CIV-HOEVELER/GARBER

BANKFIRST, a South Dakota state bank,

        Plaintiff,

        v.

KOBI KARP, an individual,

        Defendant.

## REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### I. PRELIMINARY STATEMENT

The Court should grant Plaintiff BankFirst's Motion for Partial Judgment on the

Pleadings ("Motion") because Defendant Kobi Karp's opposition is nothing more than an

elaborate effort to misguide the Court as to the legal and factual reality involved in this case. By

virtue of Karp's ineffective denials of BankFirst's Complaint; by virtue of the conclusive judicial

submissions of Beach House, the Developer/Borrower whose loans Karp guarantied; and by

virtue of the binding law governing Karp's remaining defenses; there is but one legal conclusion

consistent with the well-pleaded facts:  Karp is bound by the Guaranty and he must now fulfill it.

Karp's opposition reads like a treatise of legal principles that might, under other facts,

support a defense to a guaranty.  Karp's problems, however, are (1) that the legal principles cited

do not pertain to this case and (2) there are no facts to support the defenses, despite any legal

principles espoused.  Indeed, where Karp does make factual allegations that, if true, might

support his legal defenses, those allegations are conspicuously without citation to any pleading or

are inappropriately appended to his brief in a flagrant and utterly improper attempt to convert

ATI 32562802.1

BankFirst's Motion for Partial Judgment on the Pleadings into a motion for summary judgment.[1]

If the Court reads Karp's brief carefully, it will see that Karp cannot sustain his defenses, but

instead is playing games in what should be a wholly unsuccessful attempt to avoid his liability.

The bottom line is that Karp is attempting to twist both law and facts in any conceivable

way to avoid fulfilling his obligations under the Guaranty. This Court should not allow Karp to

subvert the judicial process in such a manner. Instead, for the reasons stated herein and in

BankFirst's opening Memorandum of Law ("BankFirst's Mem." or "opening brief"), the Court

should grant BankFirst's Motion and enter partial judgment in favor of BankFirst on the question

of liability.

## II. ANALYSIS AND CITATION TO AUTHORITIES

A.      This Court Must Treat Karp's Failure to Recall as an Admission, Not a Denial.

As a matter of law, Karp has admitted he signed the Guaranty.[2] It bears reviewing

BankFirst's allegation and Karp's answer:

**Complaint Paragraph 12:**

> Specifically, to induce [BankFirst] to enter into the Loan Agreement and
> Notes A and B with Borrower ["Beach House"] and to advance the amounts set
> forth therein to [Beach House], on or about February 10 2006, Karp made,
> executed and delivered to [BankFirst] an unconditional guaranty . . . . A true and

---

[1] The Court should strike Karp's attempt to amend his Answer and Affirmative Defenses through declarations submitted by him and even more inappropriately by his counsel. The Court should strike the information pursuant to Fed. R. Civ. P. 12(f), and refuse to consider it in connection with Rule 12(c).

[2] Karp incredibly asks this Court to allow him to put BankFirst through lengthy, time consuming, and costly discovery, as well as a trial, so that he can figure out whether he signed the Guaranty of a loan over $40 Million dollars or the subsequent extensions (Compl. Exs. D, E, F, G & H). As previously noted in Footnote 2 of BankFirst's Memorandum of Law [Docket No. 5 at 4 n.2], this ruse simply will not work in federal court.

-2-

correct copy of the Guaranty is attached as Exhibit D and is incorporated by reference.

**Answer:**

Karp is without sufficient knowledge of the allegations contained in Paragraph 12 of the Complaint and therefore they are denied. Karp admits that Exhibit D is a copy of a document entitled "Guaranty of Kobi Karp" and the document speaks for itself.[3]

Under Rule 8(b), a defendant cannot evade judgment by claiming "I don't remember," like Karp does. (*See* Opp'n Br. at 10 ("Karp accurately stated that he did not recall the full circumstances.").) Karp is not the first one to have tried this gimmick. When faced with it, for what appears to be one of the first times, the Eastern District of Pennsylvania held that the rule allowing an answering defendant to deny an allegation based on a lack of knowledge "does not apply if the fact as to which want of knowledge is asserted is . . . so plainly and necessarily within the defendant's knowledge that his averment of ignorance must be palpably untrue." *Ice Plant Equip. Co. v. Marto Cello*, 43 F. Supp. 281, 282-83 (E.D. Pa. 1941).

Wright and Miller's FEDERAL PRACTICE AND PROCEDURE discusses the use of "I do not know" as an answer to a Complaint's allegations at some length. FED. PRACT. & PROC. § 1262 at 536-40; *see also id.* §§ 1263-64 (noting that the availability of the device is limited).

> [R]esort to this form of allegation should not be capricious. A denial of knowledge or information **requires that the party not only lack first-hand knowledge of the necessary facts involved but also that the pleader lack information upon which she reasonably could form a personal belief concerning the truth of the adversary's allegations.** Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record.

---

[3] In its opening brief, BankFirst noted that Karp's response of a "document speaks for itself" is to be treated as admission. (BankFirst Mem. at 4 n. 2.) Karp does not contest that. Thus, as a matter of law, Karp admits that the Guaranty attached to the Complaint is a true and correct copy of his Guaranty to BankFirst, and accordingly, the language therein is binding upon him.

ATI 32562802.1

*Id.* § 1262 at 537-38 (footnotes omitted) (emphasis added). When it is a matter within his knowledge or reasonably could be, then the law considers the answer of "I do not know" a "sham" and will deem the allegation admitted. *Harvey Aluminum, Inc. v. NLRB*, 335 F.2d 749, 758, n. 33, n. 34 (9th Cir. 1964); *see also Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973) ("An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information.").

Thus, this Court should conclude that Karp's artful pleading is nothing more than a device to prevent the truth from prevailing and should deem the relevant allegations of the Complaint, particularly Paragraphs 12, 15, and 17, admitted.[4]

B.      The Court Must Reject Karp's Unsubstantiated Fact Scenarios Through Which He
        Attempts to Avoid His Obligations.

To avoid judgment, Karp asks the Court to accept as true a factual scenario that not only is false but that his own pleading and other court documents demonstrate is false. Karp's factual defense relies on the primary premise that

> [the Developers] would never have demolished the Hotel without BankFirst's
> representation that a construction loan would not be funded by its affiliate.
> BankFirst thus directly caused the Developers' inability to finance and construct
> the project, while simultaneously denying them the income from Hotel revenues
> to continue to make mortgage payments and finance the project until a new
> construction loan could be secured.

(Karp Mem. at 4.) This premise cannot sustain any level of scrutiny and is nothing more than yet another attempt to misguide the Court.

---

[4] It should not pass this Court's notice that Karp never addresses the law BankFirst cited in its Memorandum to support that his attempt at defensive pleading fails. (*See* Karp Opp'n at 9-10.)

- 4 -

First, it should be noted that Karp does not cite to and cannot cite to any allegation in the pleading to sustain the above factual scenario. (*See id.*)  Second, Beach House (the Developers) filed disclosure statements with the Bankruptcy Court for this judicial district that conclusively contradict the "facts" alleged by Karp. *See In Re Beach House Property, LLC*, Case No. 08-11761-RAM, U.S. Bankr. Ct., S.D. Fla., "Debtors' Joint Disclosure Statement," [Docket No. 76] at 5 (filed May 15, 2008) ("*Beach House Disclosures*").  Not only did Beach House file a court statement saying that the project failed because of "current market conditions," not because of BankFirst, but also that "Corus Bank . . . was ready to finance" until the market tightened so much that Beach House could not meet the financing conditions imposed. (*Beach House Disclosures* at 5-6.)  Karp also admitted he was not involved in negotiations regarding financing so he would not have any personal knowledge to the contrary. (Karp Ans. "Factual Allegations" ¶ 2; *see also id.* ¶ 3.)

Quite simply, to prove his allegations, Karp is going to have to submit evidence that the project failed because Beach House prematurely demolished the income-producing hotel based on representations from BankFirst about construction financing.  But, because Beach House has already filed court papers making it impossible for Karp to prove that fanciful scenario, and Karp has no personal knowledge otherwise (as he admits), Karp is left with no way out and the Court may not accept Karp's allegations as true.[5]

---

[5] Karp cannot supplant his version of events for Beach House's, particularly when he relies on Beach House's defenses for his own.  Because Beach House already has stated its version of the facts in an uncontroverted court pleading, which is not hearsay, and is trustworthy, judicial notice is completely appropriate. *See, e.g.*, Wright & Miller, FED. PRACT. & PROC. §§ 5106, 5106.4.  BankFirst is not asking the Court to adopt the truth of what Beach House said, but instead to understand that Karp, who admittedly has no personal knowledge of the facts relating to Beach House's financing efforts, cannot assert a defense based on unsubstantiated "facts"

AT1 32562802.1

C.       Karp Waived His Defenses – Multiple Times.

As set forth on pages 8-9 of BankFirst's opening brief, Karp waived and <u>agreed not to</u>

<u>assert</u> "any anti-deficiency protections," "other rights," and "all defenses of Borrower" as a

defense to enforcement of the Guaranty. He then further stated and agreed that nothing but "full

payment and discharge of the indebtedness" would relieve him of his obligations under the

Guaranty. In light of these very clear and unambiguous statements, he concocted a story

whereby he either does not remember signing the Guaranty and/or BankFirst is at fault because

Beach House demolished the hotel and thereafter became unable to fulfill its obligations to

BankFirst.

But, just in case those defenses failed (as they should), he seeks to convince the Court

that his four different waivers are akin to an exculpatory clause in a lease that relieves a landlord

from negligence but not intentional tort claims such as fraud. Each of the cases cited by Karp

(but not discussed) is wholly inapplicable to cases such as this regarding a guaranty or a loan.

For example, in *Hold v. Manzini*, 736 So. 2d 138, 141 (Fla. 3d DCA 1999), the court held that a

release which by its own terms purported to be only as to claims that existed or might exist as of

the day of execution did not bar claims against future allegedly negligent acts by the released

party. That is not the case here. Here, Karp agreed not to assert any such claims ever.

In *Burton v. Linotype Co.*, 556 So. 2d 1126, 1127-29 (Fla. 3d DCA 1989), the court held

that "warranty disclaimers and limitation of liability clauses" in a lease agreement will not

prevent the lessee from bringing claims for "damages arising from fraud and deceit and false

advertising." *Id.* At 1127. Those are not the facts here. Here, Karp agreed that he would not

---

disputed by those with first-hand knowledge. Under these circumstances, he cannot prove any
set of facts consistent with his defenses.

ATI 32562802.1

assert defenses to the Guaranty. He did not allege fraud or even gross negligence against BankFirst. Thus, *Burton* and cases like it are completely inapposite. Instead, just as in *Sussman v. Weintraub*, No. 06-20408-Civ-Torres, 2007 WL 908280 (Mar. 22, 2007), Karp clearly and knowingly agreed to guaranty Beach House's loans unconditionally.

Furthermore, none of the cases Karp cites about waiver are applicable. BankFirst is not contending that he waived his defenses by potentially ambiguous conduct as discussed in the cases Karp relies on. Instead, BankFirst is contending (as supported by the Guaranty), he signed explicit and unambiguous documents that waived his defenses as a means to induce BankFirst to enter into the loan with Beach House. The extent of those written waivers is not subject to credibility determinations. Instead, as Karp acknowledges, the documents "speak for themselves." (Ans. ¶¶ 12, 15, and 17.) Thus, no amount of testimony or lengthy and costly discovery will change the plain language of the Guaranty and the later-executed Consents in which Karp repeatedly waived his right to assert various defenses against BankFirst's complaint.

D.    Karp's Remaining Affirmative Defenses to Liability Fail.

### *Estoppel*

Nowhere does Karp plead that BankFirst engaged in any "words, acts, [or] conduct" causing Karp to believe anything regarding the construction loan or demolition of the hotel. *See Garfinkle v. Weil*, 672 F.2d 1340, 1346-47 (11th Cir. 1982). All Karp can allege (without proof or personal knowledge) is that BankFirst made representations to Beach House about construction financing. However, that factual construct was demolished by Beach House's position in the Bankruptcy Court. Moreover, Karp admitted that he was not involved in any financing negotiations (Ans. "Factual Allegations" ¶ 2); thus, not only did he not have any direct

- 7 -

involvement with BankFirst in any of those alleged discussions he cannot have relied on any

such statements.[6] As a result, he cannot claim BankFirst is estopped to enforce the Guaranty.

### Unclean Hands

Karp perfunctorily contends that he can assert an unclean hands defense to his obligations

under the Guaranty, but cites only "facts" that relate to the alleged relationship between

BankFirst and the Borrower, Beach House. (*See* BankFirst Mem. at 13-15.) The "facts" he

relies on – BankFirst's supposed commitment to provide the Beach House with construction

financing – is wholly and completely contradicted by Beach House and cannot sustain this

defense. Moreover, Karp's claims that BankFirst "refused offers for the collateral" (Karp Mem.

at 18) while untrue, goes only to damages, not Karp's liability under the Guaranty, and thus

inapplicable.

### Waiver

Karp makes no allegations that BankFirst took any steps that would demonstrate that it

knowingly waived its right to enforce Karp's Guaranty and to recover the deficiency from Karp.

None of the "facts" Karp relies on relate at all to whether the Bank intended to enforce the

Guaranty against Karp, and, thus, there are no allegations in the Answer to support the defense of

waiver.[7] (*See* BankFirst Mem. at 15-16.)

---

[6] Without personal knowledge, there can be no detrimental reliance, a fundamental criterion to proving a defense of estoppel. *See Garfinkle*, 672 F.2d at 1346-47.

[7] Although Karp suggests BankFirst orally waived its right to collect (Karp Mem. at 18 n. 12), he does not cite a single fact to support that a duty exists or that BankFirst breached it.

- 8 -

*Breach of Fiduciary Duty*

Karp cannot prove that BankFirst owed a fiduciary duty to him. There are no allegations that would demonstrate a relationship of trust or confidence, and merely citing to certain legal principles does not satisfy his burden of pleading **facts** to show that this transaction was anything other than at arms' length. Where there is no "reasonably founded hope" and there are no allegations to sustain the defense, it should be dismissed before the "potentially enormous expense" of discovery is incurred. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967 (2007).

## III. CONCLUSION

Karp's defenses to liability are nothing but part of an elaborate effort designed to mislead the Court into allowing Karp to avoid his obligations under the Guaranty. Quite simply, there are no such reasons that can be sustained on the record. Instead, as demonstrated above and in BankFirst's opening brief, Karp is bound by the Guaranty, which Karp contends "speaks for itself" and the only remaining issue is the amount of damages he owes to BankFirst. Accordingly, BankFirst respectfully requests that the Court grant BankFirst's Motion for Partial Judgment on the Pleadings.

AT1 32562802.1

- 10 -

Respectfully submitted, this 1st day of June, 2009.

Respectfully submitted,


By: */s/ Alan H. Fein*
HAROLD D. MOOREFIELD, JR.
(Florida Bar No. 239291)
E-mail:  hmoorefield@stearnsweaver.com
ALAN H. FEIN
(Florida Bar No. 288349)
E-mail:  afein@stearnsweaver.com
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Tel:  (305) 789-3200
Fax:  (305) 789-3395

-and-

AT1 32562802.1

ERIKA C. BIRG (Florida Bar No. 0055435)
Admitted *Pro Hac Vice*
E-mail: ebirg@seyfarth.com
Seyfarth Shaw LLP
1545 Peachtree Street, N.E., Suite 700
Atlanta, GA  30309-2401
Tel:  (404) 885-1500
Fax:  (404) 892-7056

-and-

GUS A. PALOIAN (Illinois bar No. 06188186)
E-mail:  gpaloian@seyfarth.com
SARA E. LORBER (Illinois Bar No. 6229740)
E-mail:  slorber@seyfarth.com
JAMES B. SOWKA (Florida Bar No. 0869821)
E-mail:  jsowka@seyfarth.com
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL  60603
Tel:  (312) 460-5000
Fax:  (312) 460-7000

ATTORNEYS FOR PLAINTIFF,
BANKFIRST

AT1 32562802.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2009, I electronically filed the

foregoing Plaintiff's Reply in Support of Motion for Partial Judgment on the Pleadings with the

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record identified on the attached Service List via transmission of Notice of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.


　　　　　　　　　　　　　　　　 /s/ Alan H. Fein
　　　　　　　　　　　　　　　　 ALAN H. FEIN

ATI 32562802.1

**Case No. 08-22519-CIV-HOEVELER/GARBER**
<u>**SERVICE LIST**</u>

Kendall Coffey, Esq.
<u>kcoffey@coffeyburlington.com</u>
Morgan L. Swing, Esq.
<u>mswing@coffeyburlington.com</u>
Coffee Burlington
2699 South Bayshore Drive
Penthouse
Miami, Florida 33133
Telephone:  305-858-2900
Facsimile:  305-858-5261
*Counsel for Kobi Karp*

ATl 32562802.1